UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MIGUEL A. MORALES, ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> JAMES SABA, et al., ) <br> ) <br> Defendants. ) | CIVIL ACTION <br> NO.15-10732-JCB |

# ORDER

June 16, 2015

BOAL, U.S.M.J.

1. The motions (Docket Nos. 2, 6, 11) for leave to proceed in forma pauperis are GRANTED. Pursuant to 28 U.S.C. § 1915(b)(1), the Court assesses an initial partial filing fee of $10.23. The remainder of the fee, $339.77, shall be collected in accordance with 28 U.S.C. § 1915(b)(2). This assessment is made apart from any other assessments made in other civil actions filed by Morales; however, because Morales is a frequent filer, for purposes of clarification for crediting any funds received, and to facilitate proper record-keeping by the Treasurer's Office at MCI Cedar Junction and by the Clerk's Office Accounting Department, this Court intends that any funds received from Morales' prison account first be applied to any prior Order of a Court assessing a filing fee pursuant to 28 U.S.C. § 1915.[1]

2. The Clerk shall provide the plaintiff with the form for Consent/Refusal of Magistrate Judge Jurisdiction and the instructions for that form ("consent package").[2]

---

[1] In other words, Morales' filing fee obligation in this action shall be collected consecutively and not simultaneously with any prior filing fee obligation imposed by any court. See Ruston v. NBC Television, No. 06-4672 (2d Cir. 2009) citing Whitfield v. Scully, 241 F.3d 264, 277 (2d Cir. 2001). See also Lafauci v. Cunningham, 139 F. Supp. 2d 144, 147 (D. Mass. 2001) (reviewing decisions of the courts of appeals for the Second, Seventh, and District of Columbia circuits, and indicating that "the simultaneous collection of filing fees from indigent prisoners may raise serious constitutional concerns").

[2] This action was assigned to the undersigned pursuant to the Court's Program for Random Assignment of Civil Cases to Magistrate Judges.

3. The Clerk shall issue summons for service of the amended complaint on the defendants. Plaintiff's amended complaint (Docket No. 5) completely supercedes the original complaint, see Ramallo Bros. Printing, Inc. v. El Dia, Inc., 490 F.3d 86, 88 n.2 (1st Cir. 2007), and the original complaint (Docket No. 1) will no longer perform any function in this case. See Connectu LLC v. Zuckerberg, 522 F.3d 82 (1st Cir. 2008).

4. The Clerk shall send the summons, amended complaint, consent package and this Order to the plaintiff, who must thereafter serve the defendants in accordance with Federal Rule of Civil Procedure 4(m). The plaintiff may elect to have service made by the United States Marshals Service. If directed by the plaintiff to do so, the United States Marshal shall serve the summons, amended complaint, consent forms and this Order upon the defendants, in the manner directed by the plaintiff, with all costs of service to be advanced by the United States. Notwithstanding Fed. R. Civ. P. 4(m) and Local Rule 4.1, the plaintiff shall have 120 days from the date of this Order to complete service.

5. The motions for automatic judgment (Docket No. 7) and for adding exhibits (Docket No. 8) are DENIED without prejudice.

SO ORDERED.

    /s/ Jennifer C. Boal
Jennifer C. Boal
Chief, United States Magistrate Judge